UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE WILBERT, SHARON SCHLUTER | * * * | CIVIL ACTION NO.  16-11113 |
| | * | SECTION: "N"(1) |
| VERSUS | * * | |
| | * | JUDGE KURT D. ENGELHARDT |
| STARR INDEMNITY & LIABILITY CO., CIMARRON UNDERGROUND, INC. | * * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

ORDER AND REASONS

Before the Court are (1) Defendants' Motion for Contempt, Sanctions and to Compel Independent Medical Examination (Rec. Doc. 25) and (2) Defendants' Motion for Sanctions (Rec. Doc. 26) referred to the magistrate judge for consideration by the District Judge. For the following reasons, (1) the Motion for Contempt, Sanctions and to Compel Independent Medical Examination (Rec. Doc. 25) is DENIED as to contempt and sanctions and, as ordered by this Court on December 15, 2016 (Rec. Doc. 30), GRANTED as to compelling the independent medical examination; and (2) the Motion for Sanctions (Rec. Doc. 26) is DENIED.

Background

The Plaintiffs in this case allege injuries arising out of a car accident that occurred on July 20, 2015. (Complaint, at 2, Rec. Doc. 1). Plaintiffs allege that a 2011 Toyota Sequoia driven by plaintiff Sharon Schluter with plaintiff Catherine Wilbert as passenger was struck by a 2008 F-450 truck and trailer owned by defendant Cimarron Underground, Inc. ("Cimarron") and driven by Thomas Hite. Id.  They allege that defendant Starr Indemnity & Liability Co. ("Starr" and with Cimarron, the "Defendants") provided the liability insurance policy covering the Cimarron vehicle. Id.  at 3.

1

On November 18, 2016, Defendants filed a motion to compel the depositions of Wilbert and Schluter, arguing that Wilbert and Schluter should be deposed in advance of the December 16, 2016, deadline for the Defendants' expert reports. (Rec. Doc. 14).[1] The undersigned held a status conference with the parties and ordered that the Plaintiffs appear for their depositions on November 28, 2016 and November 29, 2016. (Rec. Doc. 17). On December 1, 2016, the Defendants moved to compel Wilbert to appear for an independent medical examination ("IME") with a neurosurgeon in advance of the expert report deadline. (Rec. Doc. 19). The Defendants argued that Wilbert had revealed at her deposition on November 28 that she was suffering from headaches that were different from any other headaches she had felt before.[2] Id. at 1. On December 5, 2016, the Court held an expedited hearing on the motion by telephone and ordered that Wilbert appear for an IME with Dr. Robert on December 9, 2016, at 10:45 a.m. "provided that she arrive thirty minutes early as requested by Dr. Robert's office." (Rec. Doc. 24).

Wilbert did not appear for her IME as ordered. The parties dispute the details of Wilbert's failure to appear. Wilbert asserts that she was late because she had trouble arranging for care of her mother who suffers from Alzheimer's. (Mem. Opp., at 2, Rec. Doc. 36). It appears that Dr. Robert's office informed the Defendants that Wilbert called the office after the appointment start time of 10:45, at which point Dr. Robert had already left. (So. Brain & Spine Email, at 1, Rec. Doc. 25-2). Dr. Robert's office staff reported that Wilbert said she was not told to arrive prior to 10:45 a.m. and that by 11:00 she was not at the office. Id.

As a result of Wilbert's failure to appear for her IME, the Defendants filed the present Motion for Contempt, Sanctions and to Compel Independent Medical Examination. (Rec. Doc.

---

[1] The motion to compel and associated motion to expedite were marked as deficient by the clerk of court. Defendants never refiled the motions.
[2] The Court notes that Wilbert alleged in her Complaint that the accident "caused [her] to suffer headaches and migraines." (Complaint, at 2, Rec. Doc. 1).

25). Defendants represented in their memorandum in support that Wilbert's counsel had indicated that Wilbert would be available for a rescheduled IME on December 27, 2016, at 9:00 a.m. and would appear 30 minutes early at 8:30 a.m. (Rec. Doc. 25-1, at 3). On an expedited basis, the undersigned ordered that Wilbert appear for her IME on December 27, 2016, and deferred ruling on Defendants' request for sanctions until the originally scheduled submission date of December 28, 2016. (Rec. Doc. 30). The Defendants had also filed a Motion to Continue their expert report deadline and a Motion for Sanctions before the District Judge. (Rec. Doc. 26). The District Judge granted the Motion to Continue the expert report deadline but referred the Motion for Sanctions to the undersigned magistrate judge. (Rec. Doc. 29).

<u>Parties Arguments</u>

Defendants argue that this Court should impose sanctions against Wilbert because she willfully violated this Court's December 5, 2016, order. (Mem. Supp., at 2, Rec. Doc. 25-1). They point out that this is the third motion to compel that they have had to file. <u>Id.</u> at 1. They say they have spent hours researching case law and drafting these motions. <u>Id.</u> at 2. Defendants seek to be awarded their costs, attorney's fees and their IME expenses. <u>Id.</u> at 4. In the Motion for Sanctions, which Defendants filed in conjunction with their Motion to Continue the expert report deadline, the Defendants argue that they are entitled to an award of their attorney's fees under Federal Rule of Civil Procedure 37. (Rec. Doc. 26-1, at 3).

Wilbert responds that her failure to appear was not willful but was a result of unforeseen issues concerning the care of her mother. (Rec. Doc. 36, at 3). Her counsel submit that they have assured Defendants' counsel that she will arrive at Dr. Robert's office promptly at 8:30 a.m. on December 27, 2016. <u>Id.</u> at 2. Wilbert's counsel further argue that they have attempted to work with Defendants' counsel in good faith to set appointment dates and times for multiple

examinations without Court intervention while managing the recent death of counsel's mother and grandmother. Id.

Defendants' reply memorandum underscores the time and effort expended in filing the motions to compel. (Rec. Doc. 39). They insist that these resources would not have been spent if Plaintiffs had cooperated in good faith in the discovery of their claims. Id. at 4. They add that Wilbert has offered no competent evidence of her unanticipated problems related to her mother. Id. at 3.

<u>Law and Analysis</u>

*1. Standard of Review*

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. Proc. 37(b)(2)(A). Possible sanctions include an order directing that certain facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting designated claims, or even dismissing the action. Id.[3] In addition or instead of one of the sanctions enumerated in Rule 37(b)(2)(A), the court may order "the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. R. 37(b)(2)(C).

"[U]sually, . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012) (quoting Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990)). "Lesser sanctions do not require a finding of

---

[3] Rule 37(b)(2)(A)(viii) also authorizes the Court to treat the failure to obey an order as contempt of court, however, this sanction is not available when the failure is a failure to submit to a physical or mental examination.

willfulness." <u>Id.</u>  But even an award of attorney's fees is penal in nature. <u>Batson v. Neal Spelce</u> <u>Assocs., Inc.</u>, 765 F.2d 511, 516 (5th Cir. 1985). As the Fifth Circuit explained, such an award "it is designed to penalize those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct." <u>Id.</u>  Importantly, when awarding attorney's fees, the Court can only order payment of those expenses actually "caused by the failure to comply." <u>Id.</u>

   2.  *Failure to Appear for IME*

There is no dispute that Wilbert failed to timely appear for her IME on December 9, 2016, as ordered by this Court. While failing to appear for a Court ordered IME may warrant sanctions against the offending party, the Court finds that sanctions are not justified here. First, the Court notes that Plaintiffs' counsel were managing a death in the family the very same week this Court ordered the IME and in which the IME was to be performed. It appears that this unfortunate circumstance played a role in Plaintiffs' counsel's failure to ensure that their client would appear on time for her IME and/or her pre-appointment paperwork. The Court also notes that this appears to be the first instance that personal issues have prevented Wilbert from appearing for a scheduled examination or deposition. While there is some dispute about how late Wilbert was for her appointment, it appears that she was making an effort to arrive and attempted to notify the doctor's office of her delay. The Court finds no evidence that Wilbert willfully failed to appear for her IME.

The Court is cognizant that the parties' inability to work out their discovery disputes between themselves has required the filing of several motions before this Court. However, these previous motions did not result from the failure to obey a Court order. The Court also notes that prior to filing the present motion, it appears that Wilbert had already agreed to timely appear for

a rescheduled IME. Accordingly, in light of all of these circumstances, the Court finds that imposing an award of attorney's fees or other sanction at this juncture would be unjust. The Court cautions that further failures by the Plaintiffs or their counsel to obey court orders or comply with discovery obligations may warrant sanctions.

Conclusion

For the foregoing reasons, (1) the Motion for Contempt, Sanctions and to Compel Independent Medical Examination (Rec. Doc. 25) IS DENIED as to contempt and sanctions and, as ordered by this Court on December 15, 2016 (Rec. Doc. 30), GRANTED as to compelling the independent medical examination; and (2) the Motion for Sanctions (Rec. Doc. 26) is DENIED.

New Orleans, Louisiana, this 27th day of December, 2016.

Janis van Meerveld<br>
United States Magistrate Judge